# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DEONO ABRAM,

                Petitioner,                Case Number: 5:09-CV-10543

v.                                              HON. JOHN CORBETT O'MEARA

KENNETH MCKEE,

                Respondent.
                                              /

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING AND GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Petitioner Deono Abram, who is currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his convictions on four counts of first-degree criminal sexual conduct. Respondent has filed a Motion for Summary, contending that the petition was not timely filed. Petitioner has filed a Motion for Equitable Tolling of the limitations period. For the reasons which follow, the Court determines the petition was not timely filed and that equitable tolling of the limitations period is not warranted.

**I.**

Following a bench trial in Wayne County Circuit Court, Petitioner was convicted of four counts of first-degree criminal sexual conduct. On November 2, 2004, he was sentenced to 18 to 60 years' imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed his convictions and sentence. *People v. Abram*, No. 259183, 2006WL

708400 (March 21, 2006). Petitioner did not file an application for leave to appeal that decision in the Michigan Supreme Court. *See* Affidavit of Corbin R. Davis, Clerk, Michigan Supreme Court, April 16, 2009.

On April 6, 2007, Petitioner filed a motion for relief from judgment in the trial court. The motion was denied. *People v. Abram*, No. 04-006917-01 (Wayne County Circuit Court July 13, 2007). The Michigan Court of Appeals and Michigan Supreme Court both denied Petitioner's application for leave to appeal the denial of his motion for relief from judgment. *People v. Abram*, No. 283345 (Mich. Ct. App. May 14, 2008); *People v. Abram,* 482 Mich. 1033 (Mich. Oct. 27, 2008).

Petitioner filed the pending petition for a writ of habeas corpus on February 4, 2009.

**II.**

Respondent argues that the petition should be dismissed because it was not timely filed. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions.

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application for state post-

conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner filed an application for leave to appeal his conviction to the Michigan Court of Appeals, which issued an order denying the appeal on March 21, 2006. Michigan Court Rule 7.302(C)(3) allows a defendant fifty-six days from the date of the Michigan Court of Appeals' decision to file a delayed application for leave to appeal. Petitioner did not file an application for leave to appeal to the Michigan Supreme Court. Thus, his conviction became final when the time for seeking such review expired, May 16, 2006. *See Redmond v. Jackson*, 295 F. Supp. 2d 770, 767 (E.D. Mich. 2003) (Gadola, J.) (holding that conviction becomes final when the 56-day time period for filing a delayed application for leave to appeal in the Michigan Supreme Court expires); *Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E. D. Mich. 2002) (Rosen, J.) (same); *Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001) (Tarnow, J.) (same). The limitations period commenced the following day, May 17, 2006, and continued to run uninterrupted until April 6, 2007, when Petitioner filed a motion for relief from judgment in the trial court. That motion, a properly filed motion for collateral review, tolled the limitations period, with forty days remaining.

The trial court denied Petitioner's motion for relief from judgment. Petitioner appealed the denial to the Michigan Court of Appeals and Michigan Supreme Court. The Michigan Court of Appeals denied leave to appeal on May 14, 2008. *People v. Abram*, No. 283345 (Mich. Ct. App. May 14, 2008). The Michigan Supreme Court denied leave to appeal on October 27, 2008. *People v. Abram,* 482 Mich. 1033 (Mich. Oct. 27, 2008). The limitations period resumed running on October 28, 2008. The limitations period continued to run, uninterrupted, until it

expired on January 5, 2009. The pending was petition was filed on February 4, 2009, almost one month after the limitations period expired.

Petitioner concedes that his petition was not timely filed, but argues that he is entitled to equitable tolling of the limitations period because he did not understand the application of the limitations period to his case.

To be entitled to equitable tolling, a Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 594 U.S. 327, 336 (2007), *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Sixth Circuit has identified the following five factors to be considered in determining whether a habeas corpus petitioner is entitled to equitable tolling: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004,) *citing Dunlap v. U.S.*, 250 F.3d 1001, 1008 (6th Cir. 2001). "These factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted). A petitioner, however, has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

The Sixth Circuit Court of Appeals has held that 28 U.S.C. § 2244(d) provides prisoners with constructive knowledge of limitations period applicable to habeas petitions. *Allen v. Bell*,

250 F. App'x 713, 715-16 (6th Cir. 2007), *citing Yukins*, 366 F.3d at 402.  The Court of Appeals also has rejected the claim that a prisoner-petitioner's lack of actual knowledge of the limitations period based upon "'ignorance of the law is not sufficient to warrant equitable tolling.'"  *Id., quoting Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *see also Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002) (holding that  an inmate's lack of legal training or poor education do not justify equitable tolling of the limitations period).  The fact that a petitioner was proceeding without a lawyer also does not warrant equitable tolling.  *See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 561 (6th Cir.2000) (remarking that "even a pro se litigant . . . is required to follow the law" in denying a plaintiff equitable tolling); *Moore v. Harry*, No. 08-CV-12098, 2008 WL 5159078, * 3 (E.D. Mich. Dec. 09, 2008), *citing Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001).  Thus, the Court finds that Petitioner's ignorance of the applicable law and statute does not warrant equitable tolling.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the Court's

conclusion that the petition was not timely filed and that equitable tolling is not warranted. Therefore, the Court denies a certificate of appealability.

### IV.

For the foregoing reasons, the Court concludes that the habeas corpus petition was filed outside the one-year limitations period prescribed in 28 U.S.C. § 2244 (d)(1)(A). Accordingly, **IT IS ORDERED** that Respondent's Motion for Summary Judgment [dkt. #6] is **GRANTED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Equitable Tolling [dkt. # 7] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


                                             s/John Corbett O'Meara
                                             United States District Judge

Date: February 2, 2010


       I hereby certify that on February 02, 2010 a copy of the foregoing document was served upon counsel for respondent using the ECF system, and upon petitioner at Carson City Correctional Facility (DRF) at 10274 Boyer Road, P.O. Box 5000, Carson City, MI 48811 by first class U.S. mail.


                                             s/William Barkholz
                                             Case Manager